IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:15-CV-116-BO

| HARRIS EXPRESS, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | O R D E R |
| JOSEPH MOORE; METROPOLITAN PROPERTY MANAGEMENT, INC.; LILLIE JO WINDLEY HOUSING, INC.; RUBEN L. SPEAKS, LLC; JOHN H. MILLER HOUSING, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the court following plaintiff's inaction on a Notice of Deficiency [DE 8] filed August 6, 2015, by Magistrate Judge Gates. For the reasons stated below, the case is DISMISSED.

## BACKGROUND

Plaintiff filed a complaint in this Court on July 13, 2015. [DE 1]. The complaint was signed by Tena Daye, with no indication that Ms. Daye is an attorney or that an attorney represents the plaintiff at all. *Id.* On August 6, 2015, Magistrate Judge Gates entered a Notice of Deficiency directing plaintiff to retain counsel by August 27, 2015, or risk having the complaint dismissed. [DE 8]. To date, plaintiff has filed no response nor has plaintiff appointed counsel of record.

## DISCUSSION

"[A] corporation may appear in the federal courts only through licensed counsel." [DE 8, citing *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993)]. The same rule

applies for an LLC. *United States v. Lavabit, LLC (In re Under Seal)*, 749 F.3d 276, 290 n. 17 (4th Cir. 2014) (finding that the prohibition on corporations appearing pro se has been applied uniformly to all artificial entities, such as LLCs, "save for a few aberrant cases"). Thus, an LLC is required to obtain counsel for representation in this Court. *See Dominion Res., Inc. v. Dominion Energy Group LLC,* No. 2:13-CV-04757, 2013 WL 5963072, at *3 (S.D.W. Va. 7 Nov. 2013). Should a corporate litigant refuse to obtain counsel, the Court may impose sanctions, including dismissal of litigant's claims entirely. *See Delta Holdings, LLC v. Town of Boone*, No. 5:13-CV-48-RLV-DSC, 2014 WL 3771602 at *1 (W.D.N.C. 24 Sept. 2014) (dismissing pro se LLC's federal claims after LLC refused to retain counsel despite court orders); *Dove Air, Inc. v. Joda, LLC*, No. 1:10CV293, 2011 WL 4712316, at *1 (W.D.N.C. Oct. 6, 2011) (dismissing pro se corporation's claims after corporation neglected to obtain new counsel after admonishment to do so). There are three factors for a district court to consider before dismissing a case for lack of prosecution: the degree of personal responsibility of the plaintiff, prejudice to the defendant caused by the delay, and whether the record shows a history of deliberately proceeding in a dilatory fashion. *See McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976).

Here, plaintiff's "personal" responsibility is great. Magistrate Judge Gates issued a clear warning: promptly retain counsel or risk dismissal. Nevertheless, plaintiff chose not to obtain counsel. Second, though having the litigation dragged out while waiting on plaintiff may prejudice the defendant, the delay is not undue at this point. However, third, plaintiff has acted in a dilatory fashion by not responding in any way to Magistrate Judge Gates's warning. If plaintiff needed more time to retain counsel, plaintiff could have asked for it. If plaintiff decided not to retain counsel and let the matter be dismissed, plaintiff could have informed the court of this

decision. Plaintiff even could have moved to dismiss the matter itself. However, plaintiff has elected to take no action whatsoever, thus prolonging the litigation for everyone else involved. Accordingly, consideration of the three factors militates toward dismissal of plaintiff's complaint.

Magistrate Judge Gates informed plaintiff unequivocally of each of the aforementioned rules regarding an LLC attempting to litigate pro se. [DE 8]. Plaintiff was also warned that failure to obtain counsel could result in dismissal of the case. *Id.* Plaintiff was given three weeks—until August 27, 2015—to retain counsel. *Id.* To date, plaintiff has not responded and has not appointed counsel of record. Accordingly, the Court finds that plaintiff's complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, plaintiff's complaint [DE 1] is DISMISSED.

SO ORDERED, this **23** day of September, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE